**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANTHONY DARTHARD,**

**Plaintiff,**

**v.**

**OHIO SOUTHERN DISTRICT COURT, *et al.*,**

**Defendants.**

**Case No. 2:26-cv-01034**
**District Judge Algenon L Marbley**
**Magistrate Judge Kimberly A. Jolson**

**OPINION & ORDER**

This matter before this Court is Plaintiff's failure to respond to a Court order. For the following reasons, this Court **DISMISSES** Plaintiff's Complaint for want of prosecution. The Clerk is **DIRECTED** to close this case.

## I. BACKGROUND

Plaintiff, who proceeds without the assistance of counsel, filed this case several weeks ago. In addition to his Complaint, he asked to proceed without the prepayment of fees. (Doc. 1). This Court observed several deficiencies with his initial filing. For instance, he did not provide complete information about his financial status that would allow this Court to determine if he qualifies for *in forma pauperis* status. (Doc. 2 at 1). This Court also noted that his Complaint was so vague and conclusory it would likely not survive a screen under 28 U.S.C. § 1915(e). (*Id.* at 2). And, Plaintiff did not provide complete service paperwork. (*Id.*). This Court ordered Plaintiff to file an amended motion to proceed *in forma pauperis*, file an Amended Complaint that stated facts in support of his claims, and submit complete service paperwork by September 18, 2026. (*See generally id.*). About a month after this deadline, Plaintiff still has not fulfilled any of this

Court's three directives. Nor has he filed anything else. This Court can only conclude that Plaintiff has abandoned this case.

## II. DISCUSSION

This Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also* *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded time to do so, Plaintiff failed to comply with this Court's order to provide an amended *in forma pauperis* application, an Amended Complaint, or service paperwork. And he has not otherwise

taken action in this case. This inaction demonstrates, to some extent, that Plaintiff has "a reckless disregard for the effect of [his] conduct on [this Court's] proceedings[,]" and thus acted with bad faith or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Further, as this Court has noted before, "[f]ailure to comply with this Court's orders in several instances indicates willfulness." *Manning v. Diversified Collection Servs., Inc.*, No. 3:09-CV-153, 2010 WL 1438735 (S.D. Ohio Apr. 9, 2010).

Considering the second factor, no Defendant has been served, so there is little risk of prejudice. The remaining considerations also weigh in favor of dismissal. *Cf. Wilson v. T.D.O.C.*, No. 1:17-CV-348, 2018 WL 4006781, at *2 (E.D. Tenn. Aug. 22, 2018) (dismissing a case for failure to prosecute even though the second factor weighed against dismissal). This Court warned Plaintiff that failure to complete any of his three assigned tasks could result in his case being dismissed. (*See* Doc. 2 at 3). This Court considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, this Court concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," this Court's "need to manage its docket [and] the interest in expeditious resolution of litigation" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

## III. CONCLUSION

For the foregoing reasons, this Court **DISMISSES** Plaintiff's Complaint (Doc. 1) for want of prosecution. The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

Date: October 26, 2026

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE